**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4435**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESTIN KYJUAN BELL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00295-TDS-1)

Submitted:  January 30, 2017          Decided:  February 9, 2017

Before TRAXLER, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Destin Kyjuan Bell appeals the 14-month sentence and 22-month term of supervised release imposed upon revocation of his supervised release. We affirm. Bell pled guilty in 2011 to possession of a firearm as a convicted felon and was sentenced to 60 months' imprisonment, followed by 3 years of supervised release. Bell began his term of supervised release in October 2015. In March 2016, a warrant was issued for Bell's arrest based on a number of violations of conditions of supervision. At the revocation hearing, Bell admitted the violations. The district court noted that, under U.S. Sentencing Guidelines Manual (USSG) § 7B1.4(a), Bell's advisory range was 12 to 18 months, with a statutory maximum of 24 months, and a maximum term of supervised release available was 36 months. At the conclusion of the hearing, the court imposed a 14-month term of imprisonment, followed by an additional term of 22 months of supervised release. Bell timely appealed. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious grounds for appeal, but questions the reasonableness of Bell's sentence. Although informed of his right to file a supplemental informal brief, Bell has not done so.

We review sentences imposed upon revocation of supervised release to determine whether they "fall[] outside the statutory

2

maximum" or are otherwise "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). This court "first decide[s] whether the sentence is unreasonable[,] . . . follow[ing] generally the procedural and substantive considerations that [the court] employ[s] in [its] review of original sentences." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In analyzing a revocation sentence, we apply "a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "Only if a revocation sentence is unreasonable must [this court] assess whether it is plainly so." Padgett, 788 F.3d at 373.

A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the Guidelines manual and the applicable 18 U.S.C. § 3553(a) (2012) factors. Crudup, 461 F.3d at 438-39; 18 U.S.C. § 3583(e) (2012). The court "must consider the policy statements contained in Chapter 7, including the policy statement range, as 'helpful assistance,' and must also consider the applicable § 3553(a) factors." Moulden, 478 F.3d at 656; see also United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

3

We have reviewed the record, including the transcript of Bell's revocation hearing, and find that the district court appropriately considered the Chapter Seven policy statements and the applicable range, as well as relevant factors set forth in § 3553(a). Accordingly, we find that Bell's 14-month sentence, followed by 22 months of supervised release, is not plainly unreasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bell's sentence. This court requires that counsel inform Bell, in writing, of the right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>